Josephine E. Salmon (SBN 020630)
jsalmon@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Movant
U.S. Bank, National Association as trustee for
WAMU Mortgage Pass Through Certificate for
WMALT Series 2006-AR8 Trust

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA - TUCSON DIVISION

| | |
|---|---|
| In re<br><br>GIBSON YAW DARKO,<br><br>Debtor. | Case No. 4:12-bk-02369-EWH<br><br>Chapter 13<br><br>**AMENDED OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>341(a) MEETING:<br>DATE: April 6, 2012<br>TIME: 9:00 AM<br>PLACE: Pinal County Superior Court, 971 Jason Lopez Cir, Bld A, 3rd Flr Hrg Room, Florence, AZ |

U.S. Bank, National Association as trustee for WAMU Mortgage Pass Through Certificate for WMALT Series 2006-AR8 Trust[1] (hereinafter "US Bank"), secured creditor of the above-entitled Debtor, Gibson Yaw Darko (hereinafter "Debtor"), hereby objects to the Chapter 13 Plan filed by Debtor in the above-referenced matter. JPMorgan Chase Bank, N.A. acts as the servicing agent for US Bank. The basis of the objection is stated below:

/././

/././

/././

---

[1] This Objection to Confirmation shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act

-1- CASE NO. 4:12-bk-02369-EWH

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

# I.

## **STATEMENT OF FACTS**

1. On or about July 14, 2006, Debtor, for valuable consideration, made, executed and delivered to Sierra Pacific Mortgage Services, Inc ("Lender") a Promissory Note in the principal sum of $272,000.00 (the "Note"). Pursuant to the Note, Debtor is obligated to make monthly principal and interest payments. A copy of the Note is attached hereto as **exhibit A** and incorporated herein by reference.

2. On or about July 14, 2006, Debtor made, executed and delivered to Lender a Deed of Trust (the "Deed of Trust") granting Lender a security interest in certain real property located at 1498 East Magnum Road, Queen Creek, Arizona 85242 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on July 20, 2006, in the official records of the Pinal County Recorder's office. A copy of the Deed of Trust is attached hereto as **exhibit B** and incorporated herein by reference.

3. Subsequently, all right, title and interest under the Note and Deed of Trust was assigned to US Bank. A true and correct copy of the Corporation Assignment of Deed of Trust is attached hereto as **exhibit C** and incorporated herein by reference.

4. On or about February 9, 2012, Debtor filed a Chapter 13 bankruptcy petition. Debtor's Chapter 13 Plan provides for payments to the Trustee in the sum of $3,735.00 per month for sixty (60) months. The Debtor's Plan proposes to reduce US Bank's claim to $108,000.00, the alleged fair market value of the Subject Property at 3.25% interest. Further Debtor's Chapter 13 Plan contains no provision for payment to US Bank's on its pre-petition arrears

5. The pre-petition arrearage on US Bank's secured claim is in the sum of $36,500.75. A copy of US Bank's Proof of Claim is attached hereto as **exhibit D** and incorporated herein by reference.

6. Debtor will have to increase the payment through the Chapter 13 Plan to US Bank by approximately $608.35 monthly in order to cure US Bank's pre-petition arrears over a period not to exceed sixty (60) months.

as its agent for purposes of service under Fed. R. Bankr. P. 7004.

-2- CASE NO. 4:12-bk-02369-EWH

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

US Bank now objects to the Chapter 13 Plan filed herein by the Debtor.

## II.

## ARGUMENT

### A. THE DEBTOR'S PLAN PROPOSES TO MODIFY THE RIGHT OF A CLAIM SECURED BY WHAT US BANK BELIEVES IS THE DEBTOR'S PRINCIPAL RESIDENCE

11 U.S.C. §1322(b)(2) provides that a plan may modify the rights of holders of secured claims, other than a claim secured only be a security interest in real property that is the debtor's principal residence. 11 U.S.C. § 506(a) provides that an allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.

The Debtor's Plan proposes to reduce US Bank's allowed claim to a secured value of $108,000.00, the alleged fair market value of the Subject Property. However, the Debtor is prohibited from modifying US Bank's claim because US Bank is informed and believes that the Subject Property is the Debtor's principal residence. Specifically, the Debtor's Schedules B and C state that the Debtor's personal property including: (1) Household Good and Furnishings; (2) Wearing Apparel; and (3) Furs and Jewelry are located at the Subject Property, yet nothing is listed at the Debtor's purported principal residence. All property located on Debtor's Schedule A is listed as "non-homestead" which leads US Bank to believe that Debtor is being deceitful. Further, although the Debtor's Schedule I indicates that he receives $1,500.00 in monthly income from real property, the Debtor has not provided US Bank with a lease agreement or other evidence to suggest the Subject Property is a rental unit. Finally, the Debtor's Schedule G fails to list any lease agreements relating to the Subject Property. As it appears that the Subject Property was the Debtor's principal residence at the time of execution of the loan documents and at the time of the bankruptcy petition date, section 1322(b)(2) of the Bankruptcy Code prohibits the Debtor from modifying the terms of US Bank's claim. Based upon the foregoing, US Bank requests that the Court deny confirmation of the Debtor's Plan or alternatively allow for US Bank to propound discovery to determine the Debtor's principal residence.

**B. EVEN ASSUMING ARGUENDO THAT THE SUBJECT PROPERTY IS NOT THE DEBTOR'S PRINCIPAL RESIDENCE THE DEBTOR'S PLAN ATTEMPTS TO REDUCE THE INTEREST RATE PAID ON US BANK'S CLAIM WITHOUT IMPLEMENTING THE PRIME-PLUS FORMULA**

In the case of Till v. SCS Credit Corp., 541 U.S. 465, (2004), the Supreme Court adopted a two-part "prime-plus" formula for determining the proper interest rate a debtor should pay on a secured claim that complies with the "cram down" provisions of the Bankruptcy Code. The Supreme Court in Till stated that:

> "the approach begins by looking to the national prime rate, reported daily in the press, which reflects the financial market's estimate of the amount a commercial bank should charge a creditworthy commercial borrower to compensate for the opportunity costs of the loan, the risk of inflation, and the relatively slight risk of default. Because bankrupt debtors typically pose a greater risk of nonpayment than solvent commercial borrowers, the approach then requires a bankruptcy court to adjust the prime rate accordingly. The appropriate size of that risk adjustment depends, of course, on such factors as the circumstances of the estate, the nature of the security, and the duration and feasibility of the reorganization plan." Id. at 478-479.

In discussing the "prime-plus" interest rate calculation, the Supreme Court went on to explain that in starting from a concededly *low* estimate and adjusting *upward*, the evidentiary burden is placed squarely on the creditors, who are likely to have readier access to any information absent from the debtor's filing. Id. at 479.

In the present case, the Debtor proposes paying 3.25% interest on US Bank's secured claim over the life of the Plan. However, US Bank maintains that if the appropriate "prime-plus" formula is used, as proscribed in the Till case, the calculated interest rate to be paid by the Debtor will be significantly higher. In addition, US Bank recognizes that as required in the Till case, the burden of proof for establishing the higher interest rate falls on the creditor, and as a result, US Bank is prepared to offer expert testimony at an evidentiary hearing in order to establish the appropriate interest rate to be paid by the Debtor, if the parties are unable to agree to a resolution of the applicable interest rate on US Bank's secured claim. Accordingly, the court must deny confirmation of the Debtor's Plan or, in the alternative, require the Debtor to amend the Plan to remedy the above

referenced defects.

**C.     DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

Amount of Arrearage Not Correct. The Debtor has failed to provide for US Bank's pre-petition arrears. US Bank's pre-petition arrears equal $36,500.75, based on US Bank's Proof of Claim. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**D.     PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtor will have to increase the payment through the Chapter 13 Plan to US Bank by approximately $$608.35 monthly in order to cure US Bank's pre-petition arrears over a period not to exceed sixty (60) months.

WHEREFORE, US Bank respectfully requests:

1.    That confirmation of the Debtor's Chapter 13 Plan be denied;

2.    That Debtor's case be dismissed;

3.    Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in US Bank's Proof of Claim be paid within a period not exceeding 60 months; and

4.    For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: September 17, 2012        PITE DUNCAN, LLP

/s/ Josephine E. Salmon (020630)
JOSEPHINE E. SALMON
Attorneys for Movant
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385